tmd3574/mrm
Return Date & Time:
May 8, 2014 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  Chapter 13 Case No: 814-70330-AST
IN RE:

                                                                            NOTICE OF MOTION

JERRY CAMPORA, JR. ,

                                 Debtor.
-----------------------------------------------------------X

        PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this Court before the Honorable Alan S. Trust, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Courtroom 970, on May 8, 2014 at 11:00 a.m., or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §1307(c) for cause, dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

        Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Marianne DeRosa, Esq., no later than seven (7) days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date:   Syosset, New York
         April 4, 2014

                                                    *s/ Marianne DeRosa*
                                                    MARIANNE DeROSA, TRUSTEE
                                                    115 EILEEN WAY; SUITE 105
                                                    SYOSSET, NY 11791
                                                    (516) 622-1340

tmd3574/mrm
Return Date and Time:
May 8, 2014 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Chapter 13 814-70330-AST
IN RE:

JERRY CAMPORA, JR. ,
                                                                                          **APPLICATION**
                            Debtor.
------------------------------------------------------------X
TO THE HONORABLE, ALAN S. TRUST, U.S. BANKRUPTCY JUDGE:

      MARIANNE DEROSA, Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

      1.     The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on January 28, 2014, and, thereafter, MARIANNE DEROSA was duly appointed and qualified as Trustee.

      2.     The Debtor's proposed Chapter 13 Plan (hereinafter the "Plan") is dated March 21, 2014 and reflected on the Court's docket as number 23. The Proposed Plan provides for payment as follows:

- $51.00 commencing April 10, 2014 though and including April 9, 2019;
- $63.66 commencing April 10, 2014 through and including April 9, 2019;
- $75.00 commencing April 10, 2014 through and including April 9, 2019.

      3.     On March 12, 2014, HSBC Bank, USA National association as Trustee for Homestar Mortgage Acceptance Corp., Asset-Backed Pass-Through Certificates, Series 2004-2 (hereinafter "HSBC") filed a secured proof of claim in the amount of $630,130.04, docketed as claim number 3, of which $221,864.70 represents prepetition arrearage and other charges. This claim is secured by a first mortgage on the Debtor's real estate located at 1 Market Path, Setauket, New York, 11733.

      4.     On March 17, 2014, Bank of America, NA (hereinafter "BOA") filed a secured proof of claim in the amount of $100,423.25, docketed as claim number 4, of which $2,201.44 represents prepetition arrearage and other charges. This claim is secured by a second mortgage on the Debtor's real estate located at 1 Market Path, Setauket, New York, 11733.

      5.     Paragraph 2(c) of the Plan stated "that the Debtor knows of NO secured liens." The Plan, references two separate State Court cases, both of which are marked as disposed on the New York State Unified Court System webpage. The Plan states that HSBC is a disputed mortgage holder and holder of a "void" judgment. The Plan has no provision for the curing of any mortgage arrears, which is a requirement under 11 U.S.C. § 1325(a)(5). As such, the Plan cannot be confirmed.

      6.     Paragraph 4 of the Plan, under the heading of "MORTGAGE LIENS TO BE AVOIDED," states that pursuant to 11 U.S.C. § 544(a)(3), the Debtor intends to avoid a mortgage lien on the debtor's primary residence in the amount of $583,000. The Plan reads, in pertinent part, "[t]he Debtor requests that the bankruptcy trustee use the trustee's "strong arm powers" under 11 U.S.C. § 544(a)(3), or, else abandon estate to allow debtor to file an Adversary Proceeding."

      7.     The Plan contains language that in and of itself, is conflicting. In paragraph 2(c), the Plan states that there are no secured liens, but in paragraph 4 suggests that the Trustee file an action voiding mortgage liens.

      8.     Furthermore, Schedule A of the Debtor's petition also contradicts paragraph 2(c) of

the Plan, wherein the Debtor admits to $583,000.00 in secured claims encumbering his real property.[1]

9. The Trustee objects to the confirmation of the Plan for the following reasons:

   a. the Plan fails to comply with 11 U.S.C. §1325(a)(5) in that it is not adequately funded to provide for full repayment to HSBC, and the Debtor's supporting budget, schedules I & J does not show an ability to increase payments to an amount which is sufficient to pay the arrears claimed by HSBC in full over the life of the Plan;

   b. the Plan fails to reference the secured proof of claim filed by Bank of America, NA on March 17, 2014 as required by 11 U.S.C. § 1325(a)(5);

   c. the Plan fails to provide for commencement of payments with 30 days of the filing of the petition as required by 11 U.S.C. § 1326(a)(1), unless the court orders otherwise; and

   d. the Plan's duration is 61 months; commencing April 2014 through and including April 2019. As such it does not comply with 11 U.S.C. § 1322(d)(1) which prohibits a Chapter 13 Plan from providing for payments over a period longer than 5 years.[2]

10. Furthermore, the Debtor has failed to:

   a. commence making Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. § 1326(a)(1);

   b. provide the Trustee with a copy of an affidavit by the debtor stating whether the debtor either has paid all amounts that are required to be paid under a domestic support obligation and that first came payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order or by statute to pay such domestic support obligation; or that the debtor has no domestic support obligations as required by E.D.N.Y. LBR 20031(b)(ii);

   c. provide the Trustee with copies of canceled checks, receipts, money orders or other documentation of payment of all mortgage payments that have come due since the filing of the petition as required by E.D.N.Y. LBR 2003-1(a)(vi) and E.D.N.Y. LBR 2003-1(b)(i);

   d. provide the Trustee with a copy of a federal income tax return or transcript for the most recent year, 7 days before first meeting of creditors pursuant to 11 U.S.C. §521(e)(2)(A)(i);

   e. serve the plan on the trustee and all creditors within 7 days of filing of the plan and file proof of service there of as required by E.D.N.Y. LBR 3015-1(a); and

   f. provide the Trustee with documentation of the current value of all real property, condominiums, cooperative apartments, vacant land, cemetery plots, and/or timeshares in which the Debtor has an ownership interest as required by E.D.N.Y. LBR 2003-1(a)(iii).

11. The Debtor's failure to provide these items impedes the Trustee's ability to administer this case and, therefore, is a default that is prejudicial to the rights of the creditors of the Debtor pursuant to 11 U.S.C. §1307(c)(1).

12. During the pendency of this bankruptcy estate, the Trustee has incurred costs and

---

[1] It should also be noted that voiding a first mortgage lien on a Debtor's principal residence in impermissible pursuant to 11 U.S.C. §1322(b)(2).
[2] The Debtor's case was filed on January 28, 2014. The Plan should commence payments in February 2014, through and including January 2019.

expenses in the ordinary course of administering this case and seeks reimbursement of $350.00 to cover these expenses.

13. Each of the foregoing constitutes cause to dismiss this Chapter 13 case within meaning of 11 U.S.C. §1307(c).

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order dismissing this Chapter 13 case, and granting the Chapter 13 Trustee the sum of $350.00 to be deducted from the Debtor's net receipts, if any, for administrative costs and expenses incurred during the pendency of this case, and for such other and further relief as may seem just and proper.

Dated: Syosset, New York
April 4, 2014

*s/Marianne DeRosa*
Marianne DeRosa
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Chapter 13 Case No: 814-70330-AST
IN RE:

JERRY CAMPORA, JR. ,

                                                           CERTIFICATE OF SERVICE
                                                           BY MAIL

                       Debtor.
-----------------------------------------------------------X

        This is to certify that I, Matthew R. Matz, have this day served a true, accurate and correct copy of the within Notice of Motion and Application by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

| | |
|---|---|
| JERRY CAMPORA, JR.<br>1 MARKET PATH<br>SETAUKET, NY 11733 | UNITED STATES TRUSTEE<br>LONG ISLAND FEDERAL COURTHOUSE<br>560 FEDERAL PLAZA - ROOM 560<br>CENTRAL ISLIP, NY 11722-4437 |
| BANK OF AMERICA, N.A.,<br>C/O PROBER & RAPHAEL<br>20750 VENTURA BLVD., #100<br>WOODLAND HILLS, CA 91364 | ALTAIR OH XIII, LLC<br>C O WEINSTEIN, PINSON, AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 |
| EVERHOME MORTGAGE<br>C/O FEIN SUCH KUHN & SHEPARD PC<br>7 CENTURY DRIVE<br>PARSIPPANY, NJ 07054 | HSBC BANK USA<br>EVERBANK<br>301 W. BAY STREET<br>JACKSONVILLE, FL 32202 |
| HSBC BANK, USA<br>ROSICKI, ROSICKI & ASSOCIATES, P.C.<br>51 EAST BETHPAGE ROAD<br>PLAINVIEW, NY 11803 | BANK OF AMERICA, N.A.<br>BANKRUPTCY DEPARTMENT<br>P.O. BOX 26012, NC4-105-02-99<br>GREENSBORO, NC 27420 |

This April 4, 2014

/s/Matthew R. Matz
Matthew R. Matz, Paralegal
Office of the Standing Chapter 13 Trustee
Marianne DeRosa, Esq.
115 Eileen Way, Suite 105
Syosset, New York 11791
(516) 622-1340


Index No: 814-70330-AST
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
IN RE:

JERRY CAMPORA, JR. ,


Debtor.

NOTICE OF MOTION, APPLICATION

and
CERTIFICATE OF SERVICE

MARIANNE DeROSA, TRUSTEE
115 EILEEN WAY; SUITE 105
SYOSSET, NY 11791
(516) 622-1340

revised
03/09/06